Good afternoon. You can be seated. This is Case No. 4-13-0591, Christine Gracheck v. Court of Claims, for the Appellant, Robert Pinzer, and for the Appellee, Attorney Valerie Quinn. Mr. Pinzer, you may proceed. May it please the Court, Counsel, my name is Robert Pinzer. This action results from dismissal of plaintiff's petition for writ of certiorari. We're seeking review of the Court of Claims decision of November 7, 2011. Few cases arise from the Court of Claims in New York Court, and even fewer cases on due process issues. The plaintiff was denied due process in this case under the federal and state constitutions. The plaintiff had spoken with Doug Caldwell, an employee of the University of Illinois Claim Department, who misrepresented major factors to the plaintiff, which resulted in her not filing a timely notice of claim. The plaintiff's attorney, Laura Cohen, also spoke with Doug Caldwell and confirmed with Doug Caldwell that the plaintiff had filed a notice of claim. No further notice of filing was required. He stated he was an attorney with the State of Illinois and also stated that the University of Illinois performed none of its own snow removal operations. This case arose from a slip-and-fall case arising at the University of Illinois from a negligent snow removal. All of those statements were false, and we allege they were fraudulent, and they were done to allow the plaintiff and the plaintiff's attorney into a false sense of security not to file a proper notice. A complaint was filed. Two complaints were filed, one for personal injury and one for damages, and this is a simple issue. The case before you is quite simple. We're asking for a petition for writ of certiorari. If we meet the elements, the trial court is required to issue the writ and bring the record from the Court of Claims to the trial court. The trial court failed to do that. Instead, the trial court dismissed the case without ever reviewing the Court of Claims record. The appellee will argue that the reason that the case should be dismissed is the Court of Claims made a ruling that made a finding that the plaintiff had not satisfied all of the elements. However, the Court of Claims is a mere fact-finding agency and does not have the power of the Supreme Court, the appellate court, or the trial court to make such decisions. The standard of appellate review on a 2-6-15 motion dismissed is the court must, it's a de novo review, and the court must accept all of the allegations as true. Irrespective of whether the Court of Claims thought a statement was true or not, it wasn't for the trial court to decide. The trial court had to accept the allegations as true on a motion to dismiss. The court ignored that. The court dismissed the case even though all of the elements were satisfied. The court did this without ever bringing forth the record of the Court of Claims. The First National Bank v. Beresford case set forth and showed upon the oath of the applicant that the judgment was not the result of negligence and that it was not in the power of the party to take an appeal in an ordinary way. Basically, the Court of Claims, the only appellate process is to the trial court. The trial court sits in effect the way you sit on a normal trial court case. They must accept, as you well know, they must accept the allegations as true on a motion to dismiss, on a 2-6-15 motion to dismiss. The Court of Claims never addressed the plaintiff's issue that the plaintiff was to be afforded an opportunity to be heard at a meaningful time and in a meaningful manner. The Court of Claims ignored the fact that a state employee with the power to lull the plaintiff into false sense of security misrepresented the facts to the plaintiff and the plaintiff's lawyer. Thereby, the notice that was required was never filed because it was believed that that notice had been satisfied. It's supported by as the plaintiff never had an opportunity to be heard, nor did it have the  a writ of certiorari should have been issued requiring the Court of Claims to submit the record to the trial court and then the trial court to review that record. The trial court made their decision without reviewing the record. The trial court made comments which suggested that an order by the Court of Claims might have been inartful and made excuses, if you will, what the Court of Claims could have done and might have done. But the issue is not might have or could have. The issue is very simple. If you make under a writ of certiorari the proper allegations and put forth the proper elements, it is automatic. And yet the trial court refused to bring the record forward. It is long established in Illinois that statutes of limitations and limitation periods can be told when there is a misrepresentation by an individual or a fraudulent act by an individual that allows the plaintiff into a false sense of security. Were you able to include that argument in your briefs to the Court of Claims? The Court of Claims never considered those arguments. There was no evidence that they ever considered that argument and that is why we appealed to the trial court to ask the trial court to look at the Court of Claims records to see that the Court of Claims never even considered those records. My question to you is, did you include your argument about the fact that you were lulled into missing the deadline to file? So that information was before the claim. Right, but the Court of Claims ruled only on the petition and never considered the arguments. How do you know that? There was no evidence whatsoever that they considered the arguments. They ruled and cited only the petition. That's why we want the record brought to the... It's to some extent a mystery until the trial court sees the record. What's the record going to show that the trial court didn't have? We believe the trial court never even looked at the motions which were referred to as being lulled into false sense of security. They never brought their record up when they made their ruling. But did you include those in your pleadings to the trial court? In the trial court, yes we did. But the trial court never got the full record. Okay, but what's in the record that they didn't have access to that would be helpful? They would see that we believe that the trial court would see that the Court of Claims never reviewed the pleadings we filed. What would that be based on? The Court of Claims written decision? Yes, the Court of Claims... And did the trial court have that? The trial court did have that, but also those records were never... The Court of Claims, though the Court of Claims itself received our motions stating that the employee had lulled us into false sense of security, the Court of Claims that made the decision, the decision makers, never received those pleadings. Well, how do you know that? Of what we understand, and we believe it will show from the record, that they were never transferred to the Court of Claims. They were only at the petition. At the time, they only wrote on the petition that when we checked with the clerk's office of the Court of Claims, they said that the full record was never sent up to the Court of Claims. And we believe that the record, if brought to the trial court, will show that the Court of Claims ruled without ever seeing our motions, which is the denial of the due process. They had the arguments, but they didn't see the record. I don't understand what you mean about not sent up. You filed your claims before the Illinois Court of Claims. Correct. And they dismissed it based on a motion dismissed by the state. Right. Dismissed it only on a review of the petition. They never reviewed the record with the affidavit. Where was the record created? In the Court of Claims. But they never received the file. The Court of Claims that wrote on it, the file does not follow, we believe, to each step-by-step. You mean some clerk failed to provide the judges of the Court of Claims with all the documents? That's what we believe. Why? We don't know. If we were in the trial court and the clerk said everything was filed,  and granted the motion to dismiss, then we would lose. However, in the trial court, we asked them to get the full record because it's not the Court of Claims that can make that decision on tolling the statute of limitations. It's the trial court. The denial of due process cannot be made by the Court of Claims. They can make a decision to toll, but they can't rule on a denial of due process. When we brought the denial of due process to the trial court, the trial court never got the full record from the Court of Claims because they refused to issue the cert. The petition for certiorari was denied based on a 2615 motion to dismiss. So the trial court never had the record to rule on whether or not there was a violation of due process. Why does the trial court need the record to be able to tell whether there was a hearing available to your client in front of the Court of Claims? Because the Court of Claims does not have the authority to make a ruling on due process. I didn't think they did. Didn't the Court of Claims say the motion to dismiss is granted? We've heard the arguments. The Court of Claims dismissed the case, but the Court of Claims did not ever rule and did not consider our due process arguments, which were presented to the Court of Claims because only the trial court could hear the due process. Well, you're easing me a little bit. I understand the trial court has decided that you had a hearing in front of the Court of Claims. You raised the issue of fraud or concealment. Your position as to the statute of limitations being violated was presented. Therefore, there was a hearing at the Court of Claims for the issues important to your client, and you simply lost, and therefore your client was afforded due process. Where am I wrong? Well, there was no due process because the Court of Claims could not rule on the due process issue. The trial court could, but the trial court did so without getting the full record and therefore did not have the affidavits that stated that the employee that Caldwell misrepresented the facts. And so that the trial court made a ruling without getting the full record and the petition for certiorari was to get the full record. And they skipped that step in effect. In your appendix you attached the affidavit of Christine Graycheck. Didn't the trial court have that? If the trial court didn't have that, why do we have it? The trial court did not have the full record from the... I know you keep saying that, but what part of the appendix that's included for us did the trial court not have? I do not believe the trial court did not have the affidavits. I don't believe the trial court had the affidavits, but I'm not sure. Well, then how could they be included in your appendix? Because you're only supposed to give us... And they're all stamped with common law record pages. We submitted it to, I believe we submitted it to the trial court, but I don't believe that the judge ever reviewed it. Not only did the court of claims not review these affidavits, but the trial court didn't review them either, even though you provided them to both of these bodies. That's correct. And he had to have the full record from the transcript of the proceedings. The judge ruled strictly on the petition, on the motion to dismiss, and strictly on the petition and not on the record. The Supreme Court of Illinois stated that although the court of claims derives its authority from the Constitution, it is not co-equal, and it does not have judicial powers which are solely vested in the Supreme Court, Appellate Court, and Circuit Court. So Circuit Court had the power, but they didn't get the record. I keep going back to this. You keep saying the trial court didn't get the record. But it looks to me from the appendix and from the record that we got, all of this was before the trial court. But the judge ruled by not getting the full record from the court of claims, the judge ruled from his own orders indicated that he ruled on the petition, the motion to dismiss, and only on our petition without looking at the records. Because the judge referred to that an order could have been inartful. It's not up to the court to decide whether an order might have been inartful. If an order is inartful, then due process was violated. The trial court, in effect, abused its discretion by not considering the affidavits and the record. We didn't have the opportunity to depose Doug Caldwell to put out the evidence that he misled and all the court had was the allegations of the plaintiff and the plaintiff's attorney. And they ignored that because otherwise it was the only, the state admitted that in their appellate brief, admitted that Doug Caldwell misrepresented these facts and therefore there was no contrary evidence. So the court ruled against, at minimum, ruled against the manifest weight of the evidence, which is a due process right. And abused its discretion by not getting the full record. It was impossible and improper for the reviewing court to make the determination prior to ordering the record. And by issuing its order before getting the record, it did not have all the facts. And Christine Graycheck as the plaintiff was entitled to have all the facts before the court and then the court make that decision. So we believe that this court, this appellate court should remand to order the trial court to get the full record and considers the full record. Then we believe, since there was no contrary evidence to the fact and the state has admitted that Doug Caldwell made these misrepresentations, that the statute of limitations would have been told and therefore the case should not have been dismissed. And ultimately we believe the trial court should reverse its decision, but the court of claims decision and send it back to the court of claims to do the fact finding on the issue of the personal injury itself. But they can't do that until the steps are followed. And the first step is the trial court must have the full record. In your petition for re-hearing or reconsideration before the court of claims, is that when you raised your due process argument? We did raise it there and we raised it in the trial court as well. And you said we were denied due process because you only ruled on one issue?  I'm just on the face of the matter. And that's how the court of claims rules. You can't resolve the complaints by not having the notice attached to the complaint. That's how the court of claims rules without consideration of the fact that of the fraud of the state  tolling the statute of limitations. Thank you, Your Honors. Your Honors, the trial court did in fact have Ms. Graycheck's affidavits and her attorney's affidavits before it. At a minimum, they were attached as exhibits to the court of claims' motion to dismiss. I could find some of the approximate page numbers if the court wanted, but at least one of them was at C-92. So the circuit court did in fact have probably most of the court of claims' records before it. This is the first I'm hearing that the court of claims didn't have a whole record in front of it. The court of claims stated in its order dismissing her claim that it was fully advised in the premises. And there is a docket sheet in the record from the court of claims detailing how the file went back and forth and which number judge it was assigned to and so forth. There is no reason to think that the court of claims said something that wasn't true. The grounds upon which a litigant can obtain review of a court of claims decision are quite narrow. That's where a litigant can show a due process violation, but that's a rarity. A good example would be the Rossetti case where the claimant was denied party status and basically never even got in the front door. Ms. Graycheck seems to believe that because she did not get the result that she wanted from the court of claims that she was denied due process there. But due process is simply the guarantee that a litigant will be heard at the appropriate time in the appropriate manner and that the argument she advances will be considered by the tribunal where she advances them. It does not guarantee any particular outcome as a result of that process. The court of claims didn't rule on the question of due process because that was not before it. Before it were the questions was the notice or the claim filed within one year as the statute requires and what was the effect of the alleged misrepresentation on the timeliness of that notice. The court of claims heard, considered, and ruled on those questions. And because it was plain from the petition for certiorari and the motions and the pleadings and the affidavits and the affidavits that were before the circuit court that she had had the process that was due earlier, the circuit court correctly determined there had been no due process violation and it denied the writ. The circuit court did not pre-judge this case. Ms. Graycheck takes the questions that the court asked during argument in an effort to test the parties case and elevates them into findings. They weren't findings, they were just questions. It is instructive to examine what Ms. Graycheck said and did not say in her petition for certiorari and the exhibits. There's a lot of duplication, repetition in this record. Probably the most convenient is the first 10 pages of it. She says Doug Caldwell told her he was a lawyer, that the university did not perform its own snow removal, and that what she needed to do to preserve her claim was to file a report with the university's risk management and claims management offices at the university addresses listed on the report form itself. That can be found on page C7. Ms. Graycheck has never alleged that Caldwell told her that mailing a university report form to a university office was a substitute for filing a section 22-1 notice in the court of claims or in the attorney general's office. And even if he had said such a thing, she had a duty to read the statute and comply with its requirements for bringing her right to seek a remedy into existence. Because that notice provision is jurisdictional. It is part of the act that created the court of claims, created the right to seek relief, and fixed the time limits and the manner within which an action to enforce those rights has to be brought, if it's going to be brought at all. Compliance with the act is a condition of liability itself and not just of the remedy. The court of claims, like an administrative agency, is a statutorily created tribunal. It is not a court. It is certainly not the circuit court. And it has only the jurisdiction conferred upon it by the General Assembly. And the General Assembly is very clear. If a party doesn't file her notice within a year, she is forever barred from bringing a complaint in the court of claims. Failure to file that notice deprives the court of jurisdiction. And jurisdiction cannot be conferred by estoppel or by some other means. While Ms. Graycheck correctly points out in her briefs that there were two prior decisions by the court of claims, Ochen and Tarpolis, in which the court said, well, there could be tolling if there was fraud. The court did not decide that issue in either of those cases. In Ochen, it found there was no fraud. In Tarpolis, it said it saw nothing in the pleadings before it that would support such a claim. And it gave her 28 days to replete. And that's all we know of the matter. And in any event, fraudulent concealment tolling only applies where a plaintiff does not even know she may have a cause of action. Because the defendant has concealed that from her. Illinois courts have held that the plaintiff has been a traumatic injury, such as apparently an issue here, because the accident itself puts the injured party on notice that she may have a cause of action. For that, we can look to Gala v. General Motors, but we don't even have to look that far, because you can look in the authority that Ms. Graycheck cites in her reply brief, Levine v. EPI, where the court explains that tolling for fraudulent concealment does not apply to the concealment of the identity of the tort feasors, only to concealment of the cause of action itself. That's paragraph 21. Ms. Graycheck knew she had a cause of action. She just couldn't decide, is it the snowplow contractor, or is it the university, or both. And in any event, jurisdiction cannot be conferred by estoppel. This case is here on an appeal from a 2615 dismissal. The court of claims, like the circuit court, had to take what she said in her petition as if every word in it were true and correct. So we faithfully recite what she said. We weren't making admissions. We were just setting out what she said. Unless the court has questions for me, I would stand on both for the reasons set forth in our argument and in our brief. We would urge this court to affirm the circuit court's decision. Thank you, Ms. Quinn. Rebuttal, Mr. Finzer. Thank you, Your Honors. Thank you, Counsel. The plaintiff was entitled to the full record before the trial court. Appellee's counsel made the statement in a quote, most of the record, that's a quote, was provided to the trial court, but not the entire record. The plaintiff was entitled to the entire record before the trial court. It's an absolute right to get the entire record, not just most of the record. The due process violation occurs because of the abuse of discretion and the manifest weight of the evidence. When counsel states, and quite eloquently, she makes her arguments, that statute of limitations aren't told, it's directly contradictory to the Atkin case and the Tanner case, which are cited in the brief, where a claimant has been lulled into a false sense of security by a respondent, allowing the statute of limitations to expire. The respondent is stopped from invoking the statute of limitations. And the case law clearly states where there is material misrepresentation which lulls the party into not filing. The jurisdictional filing time is waived. That's the Atkin case. Finally, Tanner says the proper procedure for the review in court is quote, to issue the writ and upon its return by the court of claims to determine whether the alleged due process violations are supported by the record. Not part of the record, not most of the record, but the entire record of the court of claims. You have the right, and dare I say the duty, and I say that with all respect to this court, to set a precedent that the state cannot lie, lull a party into a false sense of security, and then deny due process. The precedent's been set by Atkin and Tanner, but you have the power, and dare I say, with all due respect, the duty to enforce that. And remand it to the trial court to get the entire record. Thank you, Your Honors. Thank you, Counsel. The court will take this matter under advisement and will be in recess until the next case.